UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAN E. DURELL,

 Plaintiff,

v.             CASE NO. 8:18-cv-469-T-23CPT

MICHAEL HALKITIS, *et al.*,

 Defendants.
_____/

**O R D E R**

  Durell's complaint alleges that the defendants violated his rights under both the Double Jeopardy Clause and the Interstate Agreement on Detainers. In 1986 Durell was convicted in 8:86-cr-342-T-RAL of racketeering involving extortion, murder, and transporting firearms, and he was sentenced to thirty-five years' imprisonment. Durell complains that the following year he was convicted in the circuit court for Pasco County, Florida, under charges based on the same criminal conduct that supported the federal convictions. Durell seeks to sue both the state prosecutor and the public defender. An earlier order (Doc. 3) dismisses the complaint because Durrell cannot pursue a claim against any of the defendants.

  In response to the order Durrell expresses his lack of understanding (1) how the state court system can prosecute him for the same acts for which he was federally prosecuted and (2) how the state courts could validly prosecute him when his trial

was not within the time limits established in the Interstate Agreement on Detainers Act ("IAD").

First, a prosecution by both the federal government and a state for the same act does not violate the Double Jeopardy Clause. Each separate sovereignty may independently prosecute for the same criminal act if the act violates the laws of more than one sovereignty. "The dual sovereignty doctrine is founded on the common-law conception of crime as an offense against the sovereignty of the government. When a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the laws of each, he has committed two distinct 'offences.'" *Heath v. Alabama*, 474 U.S. 82, 88 (1985). *See also Bartkus v. People of State of Illinois*, 359 U.S. 121, 132 (1959) ("[S]uccessive state and federal prosecutions are not in violation of the Fifth Amendment."); *Westfall v. United States*, 274 U.S. 256, 258 (1927) (Holmes, J., concurring) ("[A]n act may be criminal under the laws of both jurisdictions, [which] general proposition is too plain to need more than statement."). *Accord United States v. Woods*, 216 F. App'x 931, 938 (11th Cir. 2007) ("Thus, the Double Jeopardy Clause does not bar successive prosecutions by a state and the federal government.") (citing *Heath*); *United States v. Sanchez*, 992 F.2d 1143, 1148–49 (11th Cir. 1993) ("[I]t is at least well established that successive prosecutions for the same unlawful act will not offend the Constitution when they are brought under the laws of separate sovereigns. . . . When a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the laws of each, he has committed two distinct 'offences.'"), *cert. denied*, 510 U.S. 1110 (1994).

Second, Durrell complains that his trial by the State of Florida occurred beyond the speedy trial limit established in the IAD.  Relief under federal habeas corpus is generally not available because, unlike a claim based on the Sixth Amendment right to a speedy trial, an alleged violation of the IAD is not a constitutional claim and, as a consequence, requires a showing of manifest injustice. *Seymore v. Alabama*, 846 F.2d 1355, 1359 (11th Cir. 1988), *cert. denied*, 488 U.S. 1018 (1989), explains:

> [N]ot all violations of a 'law of the United States' may be asserted in a habeas corpus proceeding. Indeed, when determining whether nonconstitutional federal claims are cognizable in federal habeas proceedings, 'the appropriate inquiry [is] whether the claimed error of law [is] 'a fundamental defect which inherently results in a complete miscarriage of justice,' and whether 'it . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.' *Davis v. United States*, 417 U.S. 333, 346 (1974) (emphasis added) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962).

*See also Remeta v. Singletary*, 85 F.3d 513, 519 (11th Cir. 1996) ("IAD violations are not cognizable in habeas proceedings absent a showing that the violation prejudiced the rights of the accused by affecting or impugning the integrity of the fact-finding process."), *cert. denied*, 520 U.S. 1147 (1997).  *See also Phillips v. Jarrell*, 281 F. App'x 885, 886 (11th Cir. 2008) ("Phillips has failed to allege any prejudice from the alleged IADA violations. Thus, his IADA claims are not cognizable under § 2254 and we affirm the district court's denial of his habeas petition.") (applying *Seymore* and *Remeta*), *cert. denied* 555 U.S. 1108 (2009).

Durrell may have had a civil rights action that he could have pursued against the individuals who allegedly violated his rights under the IAD, as *Cuyler v. Adams*, 449 U.S. 433, 449–50 (1981), explains:

> The remedial purpose of the Agreement supports an interpretation that gives prisoners the right to a judicial hearing in which they can bring a limited challenge to the receiving State's custody request. In light of the purpose of the Detainer Agreement, as reflected in the structure of the Agreement, its language, and its legislative history, we conclude as a matter of federal law that prisoners transferred pursuant to the provisions of the Agreement are not required to forfeit any pre-existing rights they may have under state or federal law to challenge their transfer to the receiving State. Respondent Adams has therefore stated a claim for relief under 42 U.S.C. § 1983 for the asserted violation by state officials of the terms of the Detainer Agreement.

*See also Harden v. Pataki*, 320 F.3d 1289, 1293–94 (11th Cir. 2003) ("Thus, we find that, in the absence of any bar imposed by *Heck*, Harden properly stated a § 1983 damages claim for failure to comply with both federal and state extradition laws."). A civil rights action, however, was subject to Florida's four-year statute of limitation. The alleged violation under the IAD occurred decades ago.

Accordingly, Durrell's letter (Doc. 5), construed as a request to reconsider the earlier order (Doc. 3), is **DENIED**. This action remains closed

ORDERED in Tampa, Florida, on April 11, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE